IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CLEOTHER TIDWELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   CIVIL NO. 16-cv-595-SMY |
| | ) |
| KIMBERLY BUTLER, | ) |
| N. WARD, | ) |
| MAJOR MONTE, | ) |
| MARVIN BOCHANTIN, | ) |
| KENT E. BROOKMAN, | ) |
| ZACHARIAH LEE SR., and | ) |
| JANE DOE | ) |
| | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

**YANDLE, District Judge:**

Plaintiff, an inmate at Lawrence Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983 for events that occurred at Menard Correctional Center. Plaintiff seeks declarative, injunctive, monetary relief for violations of his constitutional rights that arose when Plaintiff was issued an allegedly false disciplinary ticket and disciplined without due process. This case is now before the Court for a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
>
> (b) **Grounds for Dismissal**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or

>    (2) seeks monetary relief from a defendant who is immune from
>    such relief.

28 U.S.C. § 1915A.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009). Although the Court is obligated to accept factual allegations as true, some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. However, the factual allegations of a *pro se* complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Service*, 577 F.3d 816, 821 (7th Cir. 2009).

### THE COMPLAINT

On September 22, 2015[1] Internal Affairs Officer Ward came to Plaintiff's cell and asked if he had ever written to Reverend Z. Lee. (Doc. 1, p. 4). Plaintiff acknowledged that he had. (Doc. 1, p. 4). Ward told Plaintiff that Menard had received an anonymous phone call from Jane Doe that accused Plaintiff of making intimidating remarks in a letter to Lee. Plaintiff does not believe that the caller was Lee himself. (Doc. 1, p. 4). Plaintiff agreed not to write to Lee any

---

[1] Plaintiff repeatedly alleges that the relevant events took place in September 2016, but the Court presumes that is a typo as Plaintiff filed this Complaint in June 2016. The disciplinary report, which Plaintiff attaches, is also dated September 2015, so the Court presumes that all events took place in 2015.

longer, but asked to see the threatening letter. (Doc. 1, p. 4). Ward told him that the letter had not been forwarded to the institution and that he was acting on the phone call alone. (Doc. 1, p. 4). Ward also admitted that he had not personally spoken to the caller. (Doc. 1, p. 4). Ward asked Plaintiff if he had ever told Lee: "You snaked me." (Doc. 1, p. 5). Plaintiff stated that he might have, but in his opinion, the expression was harmless. (Doc. 1, p. 5). Plaintiff wanted to see the letter at issue so that he could put the statement in context. (Doc. 1, p. 5).

On September 24, 2015, Plaintiff received a disciplinary ticket written by Ward for intimidation and threats. (Doc. 1, p. 5). Monte signed off on the ticket. (Doc. 1, p. 2). The Adjustment Committee relied solely on the phone call in finding Plaintiff guilty. (Doc. 1, p. 5). The letter was never entered into evidence and appears never to have been in the possession of anyone at Menard. (Doc. 1, p. 6). Brookman was the Committee Chairman. (Doc. 1, p. 6). Butler signed off on the discipline. (Doc. 1, p. 9). As a result of this incident, Plaintiff received a verbal reprimand. (Doc. 1, p. 25). Bochantin denied Plaintiff's grievance regarding the disciplinary report. (Doc. 1, p. 8).

Plaintiff has divided his Complaint into three Counts, which the Court adopts and will use in all further pleadings:

> **COUNT 1:** Brookman and Butler violated Plaintiff's due process rights when they found him guilty of a disciplinary infraction on September 30, 2015 without sufficient evidence, and Bochantin violated Plaintiff's due process rights when she sustained a grievance regarding same.
>
> **COUNT 2:** Ward and Monte violated Plaintiff's due process rights by failing to adequately investigate the anonymous phone call that provided the basis for Plaintiff's discipline.
>
> **COUNT 3:** Jane Doe and Lee defamed, slandered, and libeled Plaintiff when they contacted prison authorities about a letter Plaintiff sent to Lee

**DISCUSSION**

As an initial matter, Plaintiff's claim in **Count 1** against Bochantin for rejecting his grievance regarding the disciplinary hearing must be dismissed. Prison grievance procedures are not constitutionally mandated and thus do not implicate the Due Process Clause per se. As such, the alleged mishandling of grievances "by persons who otherwise did not cause or participate in the underlying conduct states no claim." *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011). *See also Grieveson v. Anderson*, 538 F.3d 763, 772 n.3 (7th Cir. 2008); *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007); *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996). As Plaintiff has only alleged that Bochantin rejected his grievance, and not that she otherwise participated in the discipline process, Plaintiff has stated no claim against her.

Plaintiff's claims in **Count 1** against the other Defendants fail as well. When a plaintiff brings an action under § 1983 for procedural due process violations, he must show that the state deprived him of a constitutionally protected interest in "life, liberty, or property" without due process of law. *Zinermon v. Burch*, 494 U.S. 113, 125 (1990). An inmate has a due process liberty interest in being in the general prison population only if the conditions of his or her confinement impose "atypical and significant hardship . . . in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). The Seventh Circuit Court of Appeals has adopted an extremely stringent interpretation of *Sandin*. In this Circuit, a prisoner in disciplinary segregation at a state prison has a liberty interest in remaining in the general prison population only if the conditions under which he or she is confined are substantially more restrictive than administrative segregation at the most secure prison in that state. *Wagner v. Hanks*, 128 F.3d 1173, 1175 (7th Cir. 1997).

Here, the disciplinary report attached to the Complaint shows that Plaintiff received only a verbal reprimand as a result of the Adjustment Committee Proceedings.  Plaintiff was not sent to segregation or transferred to another institution. He has no liberty interest in not being reprimanded verbally.  Therefore his procedural due process claim fails.

Plaintiff also asserts that he has a substantive due process claim.  Specifically, Plaintiff believes that his substantive due process rights were violated when the evidence relied on was not produced or presented in the disciplinary hearing.  In short, Plaintiff believes that he should have been permitted to confront and cross-examine the witness against him.  But that relief has long been foreclosed by the Supreme Court.  *Wolff v. McDonnell*, 418 U.S. 539, 567 (1974) ("If confrontation and cross-examination of those furnishing evidence against the inmate [in disciplinary hearings] were to be allowed as a matter of course, as in criminal trials, there would be considerable potential for havoc inside the prison walls."); *Griffin v. Fairman*, No. 91-2951, 1993 WL 438613 at *2 (7th Cir. 1993).

Plaintiff further asserts that his substantive due process rights were violated in that the Committee violated 20 Ill. Adm. Code 540.80(L)(2) by refusing to permit Plaintiff to present exonerating evidence, i.e. the offending letter.  Plaintiff has affirmatively pled that the letter was not in his possession at the time and that he was unsure which letter Jane Doe referred to.  The Committee cannot consider what is not in its possession.  More importantly, Plaintiff has no substantive due process right in the Administrative Code being followed.  *Rowe v. DeBruyn*, 17 F.3d 1047, 1051 (7th Cir. 1994) (citing *Colon v. Schneider*, 899 F.2d 660 (7th Cir. 1990)).  Accordingly, Plaintiff's has also failed to state a substantive due process claim and **Count 1** will be **DISMISSED with prejudice**.

Turning now to **Count 2**, this claim must be also dismissed.  Plaintiff alleges that Ward "failed to protect him" by failing to properly investigate the anonymous allegation.  He further alleges that Ward wrote him a disciplinary ticket despite lacking the offending letter or even speaking to Jane Doe.  However, Plaintiff has no federal due process right to a prehearing investigation.  *Whitford v. Boglino*, 63 F.3d 527, 532 (7th Cir. 1995).  Therefore, his claim against Ward for conducting the investigation and Monte for approving it must be **DISMISSED with prejudice** for failure to state a claim.

**Count 3** also fails to state a claim under federal law.  Claims for defamation are not actionable under § 1983.  *Batagiannis v. West Lafayette Comty. Sch. Corp.*, 454 F.3d 738, 742 (7th Cir. 2006); *Bone v. Lafayette*, 919 F.2d 64 (7th Cir. 1990).  Plaintiff's Complaint does not allege that he is attempting to bring these claims pursuant to state law, nor does it cite 28 U.S.C. § 1367, the source of federal pendant jurisdiction over state law claims. Even if it had, the Court has discretion to decline to exercise jurisdiction.  *Groce v. Eli Lilly & Co.*, 193 F.3d 496, 501 (7th Cir. 1999)( "[T]he usual practice is to dismiss without prejudice state supplemental claims whenever all federal claims have been dismissed prior to trial. Indeed, this presumption counsels that the better practice is for district courts to state explicitly their reasons for taking the opposite course.").  Accordingly, **Count 3** is also dismissed with prejudice.

<u>DISPOSITION</u>

**IT IS HEREBY ORDERED** that Plaintiff's complaint is **DISMISSED**, with prejudice, pursuant to 28 U.S.C. § 1915A for failing to state a claim upon which relief may be granted.  This dismissal counts as a strike for purposes of 28 U.S.C. § 1915(g).

If Plaintiff wishes to appeal this dismissal, his notice of appeal must be filed with this Court within thirty days of the entry of judgment.  FED. R. APP. P. 4(a)(1)(A).  A motion for

leave to appeal *in forma pauperis* should set forth the issues Plaintiff plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). Moreover, if the appeal is found to be nonmeritorious, Plaintiff may also incur another "strike." A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

**IT IS SO ORDERED.**

**DATED: August 5, 2016**

**s/ STACI M. YANDLE**
**U.S. District Judge**
